**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 13, 2012

Lyle W. Cayce
Clerk

No. 11-40857
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNESTO S. GARCIA-SANDOVAL, also known as Ernesto Garcia-Sandoval,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-144-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ernesto S. Garcia-Sandoval appeals his sentence following his guilty plea conviction for illegal reentry of a deported alien. The district court sentenced him within his advisory guidelines range to 24 months of imprisonment and three years of supervised release. Garcia-Sandoval challenges the procedural and substantive reasonableness of his sentence.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

examine whether the district court committed any significant procedural error. *Id.* at 51. If the district court's decision is procedurally sound, we will then consider the substantive reasonableness of the sentence. *Id.*

Garcia-Sandoval contends that the district court erred procedurally by failing to adequately explain its sentence. As conceded by him, this issue is subject to plain error review because he did not object in the district court on this ground. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). "The district court must adequately explain the sentence 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *Id.* at 360 (quoting *Gall*, 552 U.S. at 50). Before pronouncing the sentence, the district court acknowledged Garcia-Sandoval's arguments for a lesser sentence but noted that he had an extensive criminal history and had been fortunate not to have been removed from the United States on numerous additional occasions given his prior convictions.

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). The judge need only "set forth enough to satisfy the appellate court that [she] has considered the parties' arguments and has a reasoned basis for exercising [her] own legal decision making authority." *Id.* The district court provided a reasoned basis for the sentence, and its statements reflect adequate consideration of Garcia-Sandoval's arguments for a below-guidelines sentence. The court's explanation of the sentence was adequate, and Garcia-Sandoval has not demonstrated error, plain or otherwise, with respect to this issue. *See Rita*, 551 U.S. at 356-58.

Regarding substantive reasonableness, Garcia-Sandoval argues that his sentence was greater than necessary to satisfy the sentencing goals under 18 U.S.C. § 3553(a). He contends that his past convictions were very old, very minor, or both, and that most, if not all, of them involved alcohol abuse warranting treatment rather than incarceration. He asserts that he had lived

in the United States for more than 25 years, he had been consistently and gainfully employed as a pipefitter, his family all lived in the United States, and he had no ties to Mexico.  According to Garcia-Sandoval, his incarceration extends his unlawful presence in the United States at taxpayer expense while dividing his family.

Because he did not object to the substantive reasonableness of his sentence in the district court, plain error review applies.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  The district court considered and was not persuaded by Garcia-Sandoval's arguments for a lesser sentence.  The court's consideration of his criminal history in imposing the sentence was permissible. *See United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008).  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Garcia-Sandoval has not shown sufficient reason to disturb the presumption of reasonableness applicable to his within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  He has not shown error, plain or otherwise, with respect to the substantive reasonableness of his sentence.

AFFIRMED.